UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL J. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV421-229 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Plaintiff Michael J. Johnson filed this case seeking review of the Commissioner's denial of his application for Social Security benefits, pursuant to 42 U.S.C. § 405(g). *See generally* doc. 1. Without filing the record of the administrative proceedings, the Commissioner filed a Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction because Johnson's application remained pending before the Appeals Council. *See* doc. 10 at 2. Plaintiff responded in opposition, doc. 11, and the Commissioner replied, doc. 13. For the reasons explained below, the Commissioner's Motion should be **GRANTED**, doc. 10, and this case should be **DISMISSED**.

As the Commissioner argues, the exclusive basis for this Court's jurisdiction to review final decisions concerning claims under Title II of

1

the Social Security Act (the "Act") is 42 U.S.C. § 405.  *See* doc. 10 at 3-4 (citing, *inter alia*, *Heckler v. Ringer*, 466 U.S. 602, 614-15, 627 (1984)).  Plaintiff does not dispute the Commissioner's statement of this Court's jurisdiction under the Act, but argues that he was required to file this case due to an ambiguity in the applicable regulations, discussed more fully below.  *See* doc. 11 at 2-3.  The Commissioner argues that Plaintiff has misconstrued the regulation and her filing this case before the Appeals Council resolved her claim deprives this Court of jurisdiction.  *See generally* doc. 13.  Although the authority on the question is limited, the Commissioner's argument is persuasive.

The focus of the parties' dispute concerns the effect of a claimant's filing "exceptions" to an administrative law judge's (ALJ's) unfavorable decision after a case is remanded.  *Cf.* 20 C.F.R. § 404.984(b) (permitting a claimant to "file exceptions to the decision [of an ALJ after remand] by submitting a written statement to the Appeals Council setting forth your reasons for disagreeing with the decision of the administrative law judge . . . .").  The parties do not dispute that Plaintiff filed such "exceptions" and that those "exceptions" were pending at the time Plaintiff filed this case.  *See* doc. 10 at 2; *see also* doc. 11 at 1.  They also agree that the

procedure following the filing of exceptions is governed by 20 C.F.R. § 404.984. *See* doc. 10 at 4-5; doc. 11 at 2. Plaintiff argues that his filing in this case was proper because the regulation leaves open the possibility that the Appeals Council may not assume jurisdiction after the exceptions are filed before the deadline for filing a complaint in district court expires; "thus creating a potential procedural trap for the unwary." Doc. 11 at 2 (citing 20 C.F.R. § 404.984(b)(3)). The Commissioner responds that the mandatory language in the regulation, that "the Appeals Council 'will consider [the claimant's] reasons for disagreeing with the decision of the administrative law judge.' . . . [and] it 'will issue' a notice to the claimant addressing his or her exceptions and explaining why no change in the hearing decision is warranted," exclude the scenario Plaintiff's fears. Doc. 13 at 3 (quoting 20 C.F.R. § 404.984(b)(2)).

The Commissioner's original motion cites several cases involving dismissal of a complaint due to the pendency of exceptions before the Appeals Council. *See* doc. 10 at 6. Plaintiff cites to no authority that any court has ever regarded an ALJ's unfavorable decision as "final," to permit judicial review, while exceptions were pending. *See generally* doc. 11. Plaintiff points to no authority supporting his position that the Court

3

can exercise jurisdiction over an appeal while exceptions remain pending. *See generally* doc. 11. *But see Spytek v. Astrue*, 2008 WL 3288568, at *2-*3 (W.D. Wash. Aug. 7, 2008).[1] Section 404.984 is explicit, however, that the ALJ's "hearing decision" is final only if the Appeals Council "issue[s] a notice . . . addressing [the timely filed] exceptions and explaining why no change in the hearing decision is warranted." 20 C.F.R. § 404.984(b)(2).

The most persuasive authority presented by either party is *Anderson v. Astrue*, 2011 WL 4478682 (M.D. Ala. Sept. 27, 2011). The

---

[1] *Spytek* includes a relatively subtle logical analysis of the provisions of § 404.984. It notes that § 404.984(a) provides that the ALJ's decision after a remand "will become the final decision of the Commissioner . . . unless the Appeals Council assumes jurisdiction of the case . . . ." 20 C.F.R. § 404.984(a); *see also Spytek*, 2008 WL 3288568 at *3. *Spytek*, apparently based on the parties' presentation, recognized that the Plaintiff had filed exceptions, but that "[t]he Appeals Council, to date, has not assumed jurisdiction . . . ." 2008 WL 3288568, at *1; *see also id.* at *3 ("In this case, the parties agree that the Appeals Council has not assumed jurisdiction."). However, that analysis appears to assume that the Appeals Council can only "assume jurisdiction," pursuant to § 404.984(c). It, therefore, appears to ignore that § 404.983(a) states "[t]he Appeals Council may assume jurisdiction . . . based on written exceptions to the decision which you file with the Appeals Council *or* based on its authority pursuant to paragraph (c) of this section." 20 C.F.R. § 404.984(a) (emphasis added). Section 404.984(b) does not appear to leave any room for the Appeals Council's discretion to "assume jurisdiction" when written exceptions are timely filed. *See* 20 U.S.C. § 404.984(b)(2). The *Spytek* court, therefore, appears to have mistaken that the timely filing of exceptions pursuant to § 404.984(b) is not sufficient for the Appeals Council to "assume jurisdiction," notwithstanding the apparently active connotation of "assume." *Spytek*'s apparently mistaken assumption that exceptions could be filed without the Appeals Council "assuming jurisdiction," renders it unpersuasive.

4

*Anderson* court confronted a situation where the record did not include "any Appeals Council action addressing plaintiff's exceptions to the ALJ's decision." 2011 WL 4478682, at *2. As the Commissioner points out, in *Anderson*, "[t]he court directed the clerk to close the appeal pending conclusion of the administrative proceedings on remand and direct[ed] the Commissioner to move to reopen the case after completing the administrative action in accordance with the regulations." Doc. 13 at 4 (citing *Anderson*, 2011 WL 4478682, at *2). However, as the Commissioner also points out, the non-finality of the Commissioner's decision, when this case was filed, deprives this Court of jurisdiction. *See id.* (citing *Widman v. Comm'r of Soc. Sec. Admin.*, 230 F. App'x 708 (9th Cir. 2007)); *see also* 42 U.S.C. §§ 405(g) (permitting review of "any *final decision of the Commissioner*" (emphasis added)), 405(h) ("No . . . decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

Accordingly, the Commissioner's Motion to Dismiss should be **GRANTED**. Doc. 10. This case should be **DISMISSED**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local

Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 29th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA